UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MICHAEL J. ROARY,
            *Plaintiff-Appellant,*

v.

FRANKLIN FREEMAN, Secretary,
Department of Corrections; LYNN
PHILLIPS, Director, Division of
Prisons; PHYLLIS ELLIOTT,
Developmental Disabilities
Coordinator; WILLIAM R. BARKER,
Superintendent, Sampson
Correctional; JERRY L. MOORE,
Program Supervisor, Sampson
Correctional,
            *Defendants-Appellees,*

and

LARRY E. DAVIS; C. E. HILL; TERESA
S. ALEXANDER; DOCTOR DAVENPORT,
            *Defendants,*

and

UNITED STATES OF AMERICA,
            *Intervenor.*

No. 97-7210

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-94-449-5-H)

Argued: December 7, 2000

Decided: February 14, 2001

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Kristin Davis Parks, NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellant. Seth Michael Galanter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor. Buren Riley Shields, III, Assistant Attorney General, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Bill Lann Lee, Assistant Attorney General, Jessica Dunsay Silver, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor. Michael F. Easley, North Carolina Attorney General, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

### I.

Michael Roary challenges the United States District Court for the Eastern District of North Carolina's dismissal of his claims against North Carolina state prison officials under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701 *et seq.*, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we vacate the district court's judgment and remand for further proceedings.

### II.

On September 17, 1996, the district court dismissed Roary's claims under the ADA and the Rehabilitation Act pursuant to Rule 12(b)(6).

In dismissing these claims, the district court relied upon *Pierce v. King*, 918 F. Supp. 932 (E.D.N.C. 1996), *judgment vacated by* 525 U.S. 802 (1998), for the proposition that, as a statutory matter, the ADA and the Rehabilitation Act do not apply to inmates in state prisons. Following dismissal of each of his claims, Roary filed a timely Notice of Appeal to this Court.

On October 24, 1997, we held this case in abeyance pending resolution of *Amos v. Maryland Dep't of Public Safety*, 126 F.3d 589 (4th Cir. 1997), *vacated and remanded by* 524 U.S. 935 (1998). The United States Supreme Court vacated *Amos* "for further consideration in light of *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998)," *Amos*, 524 U.S. at 935, which held as a statutory matter that the ADA applies in the state prison context, *see Yeskey*, 524 U.S. at 213. The *Yeskey* Court expressly reserved the questions of whether the ADA is a valid exercise of Congress's powers pursuant to the Commerce Clause and Section 5 of the Fourteenth Amendment. *Yeskey*, 524 U.S. at 212. Prior to argument before this Court sitting en banc, *Amos* was settled by agreement of the parties, and this case was returned to the argument calendar.

The State officials in this case have now raised the issue of Eleventh Amendment immunity, a defense that was not raised in the district court but may be raised for the first time on appeal from a district court's dismissal of an action under Federal Rule of Civil Procedure 12(b)(6). *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 226 (4th Cir. 1997). The parties, however, have made various arguments related to waiver of Eleventh Amendment immunity and the scope of Congress's power under the Spending Clause, U.S. Const. art. I, § 8, cl. 1, which are difficult to evaluate in the absence of any factual record detailing the nature, extent, and purposes of federal financial assistance received by the North Carolina prison system. For example, Roary argues that the Rehabilitation Act extracts a valid waiver of Eleventh Amendment immunity, while the State officials argue that the extraction of such a waiver would exceed Congress's powers under the Spending Clause. *See*, *e.g.*, *South Dakota v. Dole*, 483 U.S. 203, 207 (1987) (suggesting various limits on the Spending Clause power to place conditions on the receipt of federal funds).

With respect to the issue of abrogation of Eleventh Amendment immunity under the ADA, the Supreme Court has heard oral argu-

ment in *Garrett v. University of Alabama*, 193 F.3d 1214 (11th Cir.), *cert. granted*, 120 S. Ct. 1669 (2000), but has not yet decided that case, which involves the issue of whether the ADA serves as the basis for a valid abrogation of the states' Eleventh Amendment immunity. Roary's motion seeking voluntary dismissal of his ADA claims in order to expedite this appeal was deferred until oral argument; because we must remand to the district court for further proceedings regardless of the status of Roary's ADA claims, this motion now serves no purpose and is denied. If Roary wishes to abandon his ADA claims, he may do so in the district court proceedings.

Because the basis for the district court's decision has been called into question by *Yeskey* and the decision on which the district court relied, *Pierce*, has been vacated by the Supreme Court, we vacate the district court's order dismissing Roary's ADA and Rehabilitation Act claims on statutory grounds. We remand to permit the district court to consider the State officials' Eleventh Amendment defense and the related waiver, abrogation, and Spending Clause issues, as well as any other arguments that may be appropriately made by the parties, in a context permitting the development of an appropriate evidentiary record.

*VACATED AND REMANDED*